James Thorburn on behalf of the appellant. May it please the court, there are numerous issues in this case, but I believe our briefs and supplemental authority handle the issues well. You know, we actually can't hear you. We can't? Okay. I will, I will. Well, at least I can't. Okay, I will gladly speak louder. And we're going to, we'll turn it up a little bit, so go ahead. Certainly. There are numerous issues in this case, but I believe our briefs and supplemental authority handle the issues well. Thus, I would like to focus on the presentation on Justice Thomas' statement and the legitimacy of the IRS actions. Counsel, what good does that do you? I mean, that's what, two years later and isn't even a holding of the Supreme Court? At this point, what Justice Thomas did laid a signal of what would be reviewed by the Supreme Court. And that's what Justice Sotomayor has. So your argument really is to preserve this for the Supreme Court? I think that the court can rule on his issue. Counsel, we can't overrule this court, and we certainly can't make room for the Supreme Court. So my question, again, is your argument then is basically to preserve this issue for the Supreme Court? Well, ultimately, yes, I think that the Supreme Court will hear it. But I do not agree that this case cannot be heard based upon, I think you're talking about King on the Tenth Circuit, and then also Gonzalez v. Reich. Gonzalez v. Reich is not really a, I mean, Justice Thomas' statement is not commerce clause. It is the necessary and proper clause. And from that standpoint, the question is, given the Congress' ability to regulate interstate commerce, and assuming that they are regulating interstate commerce, is the half-in, half-out regime necessary and proper? That's the question that's being presented by Justice Thomas. As you are well aware, Justice Thomas was on the dissent in Gonzalez v. Reich, so I'm sure he was aware when he wrote the statement, the issue of potentially having to overturn Gonzalez v. Reich to get to the point. So Counsel, this isn't new law, though. This argument you're making now, this was an argument that was available to you originally and even in the prior opinions that we've decided, right? I mean, you could have made this argument, Justice Thomas' statement just sort of tipped you off that it might be something that was in play. Well, there was no case law in any manner that would suggest this argument. When Justice Thomas brought the issue forward within a statement, yes, you know, at that time, if you want to use the word tipped off, yes, we were certainly tipped off. Now, in the lower court proceedings within that, it's not a situation that you file a motion to dismiss and the responding party does their response, and now you're frozen in time. You can't bring any new legal arguments at all. That's not what the lower courts are about. When the lower court was talking about that this is a new issue, it was talking about the question of new issue on appeal there, first time on appeal. This wasn't first time on appeal in any way, shape, or form, and simply because there were that doesn't mean that in a subsequent case that we can't bring up a new theory. Well, when did you make the argument? At what point in the litigation did you raise this argument that Justice Thomas is now a pine nun? And I believe it was 2018, the briefing of the motion to dismiss was made. What happened was is that there were two standing in Kimball cases. The first one was decided. The second one wasn't decided, and it sat there. First one went up through the Tenth Circuit, went up to the Supreme Court. Right. Now, I'm talking about this case. And this case. So when in this case did you make this argument? That's what I'm getting to here, is when Justice Thomas issued a statement, standing in Kimball, what we call standing in Kimball 2, was still sitting in the district court. We added an additional authority, which under Rule 7.1 we are perfectly allowed to do. There is no prohibition with regard to doing any additional authority, any new legal theories at that point. We were timely in every way, shape, or form. Was the briefing complete on your motion to dismiss, on the motion to dismiss? The briefing was, there was a motion, response, and reply. Yes. Okay, so that's complete briefing. It was ripe for decision. Right. But the judge had not decided yet. I understand that. And so, at this juncture, and so at this point, we brought it in before he made any decision. The case was. Counsel, can I just ask you, stop you there. Okay. Let's just grant you that you can raise it. What does it do to your case? Why do we care? At this juncture, the necessary and proper clause. The question is, as Justice Thomas put it, and Justice Thomas said that we are a prime example of what's going on within this half-in, half-out regime. If the actions of Congress, of the government, are not necessary and proper, then at this point, the entire basis of the IRS audit evaporates. There's two. Well, how about, how does it affect the legal issues that you have presented on appeal? With respect to the legitimacy of the audit. The legitimacy of the audit goes away because they have said within the tick-toe report that I gave you from 2020, that this is part of a compliance initiative project. Section 280E, they are enforcing Section 280E through these audits. Secondly, under 62 Federal Register 6164, the directive setting forth the federal response to state legal cannabis, the ONDCP directed the IRS, as a drug control agency, to disallow all expenditures. And so, this is... Counsel, you've argued all of that. You've already had the bite out of that apple. So isn't this really just an enforcement proceedings case? I don't believe so because we're bringing these issues... I know what you're bringing, but I'm saying it goes back to it's an enforcement type case, trying to enforce... The government's trying to enforce a few objectives. Is the government... Well, basic question here, I think. And as the information we have, and we tried to get from the Department of Justice and didn't get it until later, what hat is the IRS coming to the court under? Are they coming under here as a drug control agency or a tax administration agency? Because looking at the directive, it looks like they're doing these audits as a drug control agency. And this is exactly what LaSalle was cautioning against, this combining of civil and criminal enforcement, of non-tax enforcement. So those are the issues that we think are important here. We don't think, and going back to what you're saying, we do not think that this is something that is foreclosed by Gonzales v. Reich because of the way that Justice Thomas put it together. It's not Commerce Clause, Gonzales v. Reich is a Commerce Clause case. This is Necessary and Proper Clause. Necessary and Proper Clause has not been addressed. And so at this point, and with regard to Necessary and Proper, we think that Justice Thomas is putting forward a, not a new definition of Necessary and Proper, but working on Prince and NFIB v. Sebelius, where the term Necessary and Proper is not a single term, but it's actually two terms, Necessary and Proper. And Proper, under the Necessary and Proper Clause, is the issue of the state's sovereignty and whether you are, that Congress is usurping the state powers. Well, Counsel, can I jump in there? Could you address the Anti-Injunction Act aspect of this case? Well, we believe that CIC services that we sign an additional authority has resolved, and the 11th Circuit also looked at this too. If the AIA is allowed to bar someone's actions, what is the purpose of 7609? It ceases to exist. And they say, oh, well, it only bars the arguments that the IRS doesn't want you to hear. Well, that's pretty arbitrary. Well, could you, perhaps you could go through the language of the Anti-Injunction Act and tell me why it doesn't apply here? Well, the operative language is the collection, it bars actions prohibiting, that would prohibit collection and assessment. And what the Supreme Court has said twice there is that the AIA does not bar pre-assessment and collection actions there. And so that's the operative language, and this case is not anywhere near assessment, it's not anywhere near collection. So it is... It's still an enforcement proceeding. It's an enforcement proceeding, but that's not what CIC services says. Merely because it's an enforcement hearing in the 11th Circuit, and in the case we cited in our additional authority, said that enforcement, when the IRS is trying to enforce something that's unconstitutional, you can bring it as long as it's brought pre-assessment and collection. And that's where the right line is. If there had been an assessment... I don't follow that argument at all, counsel, you better restate that for me. Okay, I'm trying to figure out what we can do, because in direct marketing, now that was the Tax Injunction Act, what happened is an action had been filed pre-assessment with regard to the state tax issues. The Supreme Court said, the question in that case was, is it barred under the TIA? And they said, no, it's not. CIC services was a similar thing. And it was not barred... They said it wasn't barred under the AIA either, for the same reasons. This was pre-assessment, the action came pre-assessment, came pre-collection. And with that, I'd like to reserve my remaining time for rebuttal. You may. Thank you. May it please the court, I'm Marie Wicks, and I'm representing the United States in this matter. Taxpayers' appeal from the District Court's order enforcing summonses that the IRS served upon the Colorado Marijuana Enforcement Division for the purpose of verifying the correctness of Standing and Kimbo's tax returns, and Standing and Kimbo's a state-licensed marijuana dispensary. Turn it up, please, just a hair more. Turn it up just a hair more for her, Mike, please. I can hear, but I want to be sure I hear it all. Great. Thank you. The issue before the court is whether the District Court Chief Judge Philip Bremer correctly dismissed taxpayers' petition to quash and enforced the IRS summonses. This court should affirm the District Court's ruling because, as Judge Baldock noted, recent Tenth Circuit precedent controls the outcome in this case. In fact, the District Court correctly found that the summonses are almost exactly the And in that case, this court issued a thorough and comprehensive opinion, carefully going through each of the arguments made by the taxpayers and rejecting those arguments. And in fact, those are the arguments in large part that the taxpayers here made in the District Court below, and the District Court rejected those arguments citing Standing and Kimbo. So it seems like your opposing counsel's case sort of boils down to whether they can raise this new theory that Justice Thomas espoused in a separate writing. And so here's my question about that. We didn't really get to flesh it out in the appellant's argument. So I'm guessing that the ability to raise a new argument's not unfettered, right? It's reviewed here for an abuse of discretion. The District Court does have discretion, right? That's right, Your Honor. Okay. And so what we have is a new theory raised toward the after-briefings complete in the District Court. I mean, what's your position on what we're reviewing here as far as that? Do they have to argue their position under plain error? Is he right he could raise it at any time and we're going to review it at, you know, the regular abuse of discretion level? Your Honor, the taxpayers filed their supplemental authority in the District Court after the briefing was completed and the basis of that was raising Justice Thomas's statement regarding the denial of cert in the first standing in Kimbo case. And they also point to a couple of other supplemental authority at that time, but we're talking mainly about the standing in Kimbo denial of cert statement by Justice Thomas. Well, the question comes, please, was it abuse of discretion by the trial? What was the trial court's standard of review at that point in time? Was it abuse of discretion? What was it? Your Honor, we believe it was not an abuse of discretion of the District Court to refuse to consider the additional authority. What was our standard of review? To the extent that it is an argument raised in supplemental authority in the District Court, I believe abuse of discretion is the standard there. And going to whether it was an abuse of discretion, it was absolutely not. The District Court pointed out that the flurry of filings have no bearing on the court's analysis. And the petitioners seek to advance a new argument based on non-precedential statement accompanying a denial of cert. So the court refused to consider that. This court also should find that the District Court did not abuse its discretion in doing so. And the court, in refusing to consider that side at Hooksview Ward, that new arguments raised in supplemental authority after briefing is concluded, have been waived and cannot be considered. So do you agree, I mean, if we get past these procedural issues of when it was raised, and whether we're reviewing it for plain error, and those type of things, do you agree that with opposing counsel's necessary and proper clause argument that maybe our precedent's wrong? If you disagree with it, why don't you tell us why? We respectfully disagree with opposing counsel's argument. First and foremost in this proceeding, it is a summary summons proceeding. The Supreme Court in Clark held that those proceedings are to be summary in nature. The good faith of the IRS is the only inquiry. And here, the summonses were issued part of the audit of standing at Kimbo and to verify the correctness of standing at Kimbo's returns. There's no question right now of whether Section 280E is even going to be applied to adjust standing at Kimbo's tax liabilities. Right now, the IRS is gathering information to determine whether the liabilities of standing at Kimbo were correctly reported on its return. So to that extent, the question of the necessary and proper clause, Justice Thomas' statement, really doesn't come into play here because we're not examining the constitutionality of 280E. And to Judge Carson's question, I want to slightly amend my answer. The substance of Justice Thomas' statement, the necessary and proper clause, the commerce clause of the Constitution, whether 280E is unconstitutional as a result of that, those are all legal arguments that could have been made during the briefing. And to that extent, those should be considered under the plain error standard. OK. And so to that, so I did notice that in the opening brief, there is a mention of plain error. Is it your position that your opposing counsel has sufficiently addressed the plain error issue? Or have they failed to develop the plain error argument to a degree where it would comply with our precedents? Your Honor, they have failed to develop that plain error argument. Their claim that the court should consider a non-precedential statement of a Supreme Court justice who just took the opportunity during the petition for cert to offer commentary on the overarching development of federal and state law with respect to marijuana dispensaries in particular, that's non-precedential? Even? And so your position would be that since the authority they're relying on is a one justice, non-precedential, separate writing from the denial of cert, that the error wouldn't be plain? That's right, Your Honor. OK. And because even assuming that the summonses were not to be enforced, that would not prevent the IRS from potentially making 280E adjustments if necessary to the taxpayers' liabilities. So these summonses here are mere information gathering by the IRS. They fall under the framework of the Powell factors, the Supreme Court's decisions in Clark and Powell, that the courts should eschew a broader role of overseeing the IRS's determinations to investigate and only inquire into the IRS's good faith in issuing the summonses. And that's the critical point here. Counsel, though, so just to get back to your response, so is your position that there was no error here or that the error wasn't plain? There was, do you mean, Your Honor, with respect to the district court's decision? Right. You have now said that it's subject to plain error. You corrected yourself. So I'm just following up on that. Is it your position that there was no error or that the error wasn't plain? Are you making both arguments? There was no error, Your Honor, by the district court. But if there were? Right, if this court were to find that the district court erred, the error was not plain. Was not plain. OK, and then could I get you to address the injunction aspect of the case? Yes, Your Honor. In our brief, we mentioned that to the extent that this case is a pre-enforcement challenge to the IRS making an assessment under, or making an adjustment under 280E, and the target of the case is to prevent that. It's similar to the facts of green solution retail in the 10th Circuit. But in the green case, was there a summons? Was there a motion to quash a summons? There was not. OK, so isn't that a big distinction? It is, Your Honor, and- Maybe you could address that for me. Yes, if this case is merely seeking to quash the summonses that the IRS issued to the Colorado Marijuana Enforcement Division under 7609, and good faith inquiry of the IRS is the only consideration, it falls within the framework of 7609. The Anti-Injunction Act would not bar the relief of quashing these summonses. But to the extent that the case- Hold on, so, I'm sorry, I think I just heard you concede that- No, no. You're saying no, that to the extent, is this covered by 7609 or not? I'm sorry. The case was filed under, pursuant to 7609. OK, and is that an exception to the Anti-Injunction Act, or not? Your Honor, the primary consideration with the Anti-Injunction Act is the purpose of the suit, as the Supreme Court and CIC services held. So to the extent that the goal of this suit, filed by taxpayers, is to enjoin the IRS from making an assessment, pursuant to 280E, upon the taxpayers, the Anti-Injunction Act would bar that. And that's how we address that in our brief. So, yes, to the extent that the goal of the suit is to enjoin the IRS, the Anti-Injunction Act would bar that relief. OK, so just to dumb it down for me. If they're just seeking to quash the subpoena, then the Anti-Injunction Act doesn't bar that. But if they're trying to enjoin further action from the IRS and litigate all these other issues, it does. That's your position? Yes, Your Honor. To the extent that they are seeking a holding that would provide any commentary or weigh upon the authority and the ability of the IRS to make an adjustment under 280E, that means the goal of the suit is to enjoin or restrain the IRS from making an assessment or a collection, and therefore would be prohibited by the Anti-Injunction Act. So we don't want the law of the case to result in preventing the IRS from potentially making Section 280E adjustment. Right now, the IRS is merely attempting to enforce its own summonses against the Marijuana Enforcement Division to determine the correctness of the liabilities of the standing akimbo. So I'm sorry, again. So at this point, you're saying the goal is just to quash a summons, and therefore the Anti-Injunction Act does not bar going forward? Your Honor, to be clear, we are not proceeding. If the answer is yes or no, that's a pretty straight question, because you're getting me a little confused when I started out saying, isn't this a simple enforcement proceeding? So if it's an enforcement proceeding, does the Anti-Injunction Act prohibit that? If it is a simple enforcement proceeding that does not involve the constitutionality of Section 280E under 7609, I believe the narrow focus of that would likely not be prohibited by the Anti-Injunction Act. But it's just so intertwined here in this case that, really, we do not concede that the Anti-Injunction Act does not bar what taxpayers are attempting to achieve in this suit. May I ask one? So just so I think your position is that if they were merely trying to quash the subpoena, Anti-Injunction Act is not a problem for them, but you view their case as going beyond that and having a component to it that seeks to invalidate 280E? Yes. Yes, Your Honor. And that would be barred by the Anti-Injunction Act? Yes, Your Honor. All right, I'm with you. OK, thank you. So we respectfully request that court affirm. Thank you. So let me ask you if that's true. Are you trying to get an order from us or an opinion from us saying that the substantive statute is unconstitutional? Or are you merely trying to quash a subpoena without intending to affect the substantive statute? We are not trying to invalidate Section 280E. That is not part of this case. But I should note that if they are correct,  in an illegitimate purpose for quashing the summons, that would probably affect the greater audit. So virtually every argument under 7609 would go away, because since a legitimate purpose is the touchstone of a summons proceeding, you can't touch the legitimate purpose, so now you can't even touch the basis of the summons. I thought you could always attack good faith of the government in regards to that proceedings. Of course. Isn't that the basis that you can attack and know whether? There are a number of grounds, if any appropriate grounds, under the Reisman case, also under High Desert Relief, to foreclose constitutional attack. Actually, I think this court would have to overturn High Desert Relief, because High Desert Relief did say and did look at constitutional grounds to invalidate the summons. So this court would have to overrule High Desert Relief to get to where the government wants to go. With regard to the question of hearing, first, I should say this court, it's not a hard and fast rule about whether you can hear an argument that wasn't preserved in the lower court. And there's a lot of reasons for you to do it. Basically, if you want to do it, you can do it. The other piece on this, I should mention to you, Richardson v. Jones, a Third Circuit case that has been cited many times on this, also said the converse. It's error for a court not to address an issue that has been presented to the court. Counsel, your time has expired. Thank you very much. Thank you. All right, counsel is excused. Thank you for your argument. And I'll call the next case.